Ray D. Hacke, OSB #173647
PACIFIC JUSTICE INSTITUTE
317 Court St. NE, Ste. 202
Salem, OR 97301
(503) 917-4409 Phone
(916) 857-6902   Facsimile

Attorneys for Plaintiff
ALISON LAVELLE-HAYDEN *et al.*

## UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| ALISON LAVELLE-HAYEN, An Individual; AUDREY ROGNESS, An Individual; THERESA SERINI, An Individual; and KALINA M. SOLMONSON, An Individual<br><br>Plaintiffs,<br><br>v.<br><br>LEGACY HEALTH, A Public Benefit Corporation, and DOES 1 THROUGH 50, Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII [42 U.S.C. § 2000e-2] AND ORS 659A.030(1)(a)**<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs ALISON LAVELLE-HAYDEN, AUDREY ROGNESS, THERESA SERINI, and KALINA M. SOLMONSON hereby allege as follows:

## **PARTIES**

1.     Plaintiffs are, and at all times herein were, healthcare workers who were employed at various hospitals operated in Oregon by Defendant LEGACY HEALTH ("LEGACY") before October 19, 2021.

---

2.     Plaintiffs also are, and at all times herein were, religious practitioners from varying denominations who, as permitted under Or. Admin. R. 333-019-1010(3)(a), sought from LEGACY religious exemptions from the State of Oregon's requirement that all healthcare workers in the state be vaccinated against COVID-19.  Not only did LEGACY deny all four Plaintiffs religious exemptions, LEGACY placed Plaintiffs on unpaid administrative leave on October 1, 2021 and fired them on October 19, 2021 for declining to receive COVID-19 vaccines in accordance with their sincerely held religious beliefs.

3.     Defendant LEGACY is, and at all times herein was, a non-profit public benefit corporation headquartered in Portland, Oregon.  *See* Attached **Exhibit "A"** [a true and accurate copy of LEGACY's proof of registration from the Oregon Secretary of State's website].  LEGACY operates hospitals and healthcare clinics throughout northern Oregon and is an employer within the definition of 42 U.S.C. § 2000e(b).

4.     The true names and capacities of Defendants DOES 1 THROUGH 50 (collectively the "DOES"), inclusive, are unknown to Plaintiff, who therefore sues said Defendants under such fictitious names.  Each Defendant designated herein as one of the DOES is legally responsible for the events and happenings herein referred to and proximately caused injuries and damages to Plaintiff thereby, as herein alleged.  Plaintiff will seek leave of this Court to amend this Complaint to show the DOES' names and capacities once they have been ascertained.

## JURISDICTION

5.     Plaintiffs refer to and hereby incorporate the foregoing paragraphs as though fully set forth herein.

6.     This Court has jurisdiction over Defendant LEGACY pursuant to 28 U.S.C. § 1331 because Plaintiffs' action arises under the laws of the United States.

## VENUE

7.      Plaintiffs refer to and hereby incorporate the foregoing paragraphs as though fully set forth herein.

8.      Venue is proper in the Court's Portland Division because the events giving rise to this Complaint occurred in the counties of Multnomah, Washington, Marion, and Columbia and all agents, employees, or other persons working for, or in concert with, Defendant LEGACY with regard to the events giving rise to this case are located in, employed in, and/or residents of the counties of Multnomah, Washington, Marion, and Columbia.

## GENERAL ALLEGATIONS

9.      Plaintiff refers to and hereby incorporate the foregoing paragraphs as though fully set forth herein.

10.     In August 2021, at the height of the COVID-19 pandemic (the "Pandemic"), Oregon Governor Kate Brown ("Gov. Brown") sought to limit the spread of the potentially deadly coronavirus in the state's healthcare facilities by issuing an executive order (the "Mandate") requiring healthcare workers statewide to be vaccinated against COVID-19 by October 18. *See* Or. Admin. R. 333-019-1010.  However, Gov. Brown's Mandate allowed healthcare workers to seek, and the healthcare providers who employed them to grant, exemptions from the vaccination requirement. *Id.*, subsections (3)-(4).

11.     In accordance with Gov. Brown's Mandate, LEGACY required all of its employees to be vaccinated against COVID-19 by September 30, 2021.

12.     LEGACY allowed its employees to seek religious exemptions.  Any employee who sought one had to fill out and submit a form provided by LEGACY and submit along with the form a letter from a religious authority in the employee's faith community explaining, on the religious authority's letterhead,

"how administration of the COVID-19 vaccine conflicts with bona fide religious tenets or practices of [the employee's] faith."  LEGACY also permitted employees who had no religious authority to provide a letter on their own behalf explaining their religious objections to receive a COVID-19 vaccine.

13.     Religious exemption requests submitted by LEGACY employees would be judged by an "exception work group" (the "Exception Committee" or the "Committee") that included staff from LEGACY's Spiritual Care, Ethics, Primary Care, and Infection Prevention and Control departments.

14.     Plaintiff ALISON LAVELLE-HAYDEN ("LAVELLE-HAYDEN") is a practicing Christian who worked for LEGACY as a respiratory therapist at Legacy Good Samaritan Hospital & Medical Center ("Good Samaritan") in Portland, in the County of Multnomah, for 10 years, from August 2011 until October 2021.  Because COVID-19 is a virus that sometimes causes those who contract it to suffer severe respiratory problems, LAVELLE-HAYDEN was on the front lines of the Pandemic from the moment of its inception until LEGACY fired her.  Throughout that time, recognizing that many of her patients either had COVID-19 or were especially vulnerable to it, Petitioner took numerous precautions to prevent herself from contracting and transmitting the virus while on the job, including wearing appropriate protective gear, donning new work clothes frequently, and maintaining good hygiene.  These precautions proved successful, as LAVELLE-HAYDEN has avoided contracting COVID-19 to this day.

15.     Plaintiff AUDREY ROGNESS ("ROGNESS") is a practicing Christian who worked as a nurse at Legacy Meridian Park Hospital ("Meridian Park") in Tualatin, in the County of Washington, for roughly seven years, from November 2014 until October 2021.  ROGNESS' duties included working in Meridian Park's family birthing center as a charge nurse and neonatal respiratory specialist.  She took precautions to avoid contracting and transmitting COVID-19.

16.     Plaintiff THERESA SERINI ("SERINI") is a practicing Jew who worked as a nurse in the family birthing center at Legacy Silverton Medical Center ("Silverton"), in the County of Marion from July 5, 2016 until LEGACY fired her on October 19, 2021.  Like ROGNESS, she worked as a charge nurse and neonatal resuscitation specialist as well as labor and delivery nurse, postpartum nurse, and antepartum nurse, among other assignments.  SERINI's job involved communicating with patients, families, co-workers and physicians.  As LEGACY required, SERINI took precautions to avoid contracting and transmitting COVID-19, including wearing specially fitted masks and other personal protective equipment, social distancing, and submitting to daily temperature checks.

17.     Plaintiff KALINA M. SOLMONSON ("SOLMONSON") is a practicing Christian who worked as a patient scheduler and front desk check-in clerk at Legacy Medical Group-St. Helens ("St. Helens") for one year, from October 1, 2020 until LEGACY put her on unpaid leave one year later to the day and fired her on October 19, 2021.  Among the precautions SOLMONSON took to prevent the spread of COVID-19 to prevent herself from contracting and spreading COVID-19 were wearing masks and washing her hands every hour.

18.     All four Plaintiffs had exemplary employment records.

19.     When researching the COVID-19 vaccines currently available in the United States when Gov. Brown issued her Mandate, Plaintiffs discovered that the vaccines were created from cell lines taken from aborted fetuses.  In accordance with the principles of both the Jewish (in SERINI's case) and Christian faiths (in the other Plaintiffs' cases), Plaintiffs oppose abortion on religious grounds [*see*, *e.g.*, Proverbs 6:16-17 (concerning hands that shed innocent blood being an "abomination" to God), Jeremiah 1:5 and Psalm 139:13-16 (concerning the idea that life begins in the womb), and Psalm 127:3 (concerning children being a blessing from the Lord)].

20.    In response to employees' concerns about the use of fetal tissue from aborted babies in the preparation of COVID-19 vaccines, LEGACY acknowledged on its website that the three manufacturers of COVID-19 vaccines then available in the United States – Pfizer, Moderna, and Johnson & Johnson – all used cells from aborted babies in the research and development of their respective vaccines.  *See* Attached **Exhibit "B"** [a true and accurate copy of the relevant page from LEGACY's website].  LEGACY attempted to justify those manufacturers' actions by asserting that (1) "[f]etal cells that are used are not from recent abortions.  They come from fetal cells from the 1970s and 1980s" and (2) "all fetal cells are removed from the vaccine before" the vaccine is administered.  *Id.*

21.    After much prayer and consideration, Plaintiffs individually determined that they could not, in good conscience in accordance with their faiths' principles, defile their bodies by allowing them to be injected with a vaccine derived from the cells of babies whose lives were taken via abortion or whose manufacturer used cells from aborted babies in the testing or manufacture of the vaccine.  Accordingly, Plaintiffs sought from LEGACY religious exemptions from Gov. Brown's Mandate.  Each of them complied, or at least substantially complied, with LEGACY's requirements.  *See* Attached **Exhibits "C"-"F"** [copies of the religious exemption requests submitted to LEGACY by LAVELLE-HAYDEN, ROGNESS, SERINI, and SOLMONSON, respectively].

22.    LEGACY denied religious exemptions to all four Plaintiffs.  *See* Attached **Exhibits "G"-"J"** [copies of e-mails from LEGACY to LAVELLE-HAYDEN, ROGNESS, SERINI, and SOLMONSON, respectively, denying their religious exemption requests].  LEGACY issued each of these denials on the same two grounds: (1) lack of consistency (because the employee had received vaccines in the past) and (2) lack of specificity (because the employee had not clearly stated a religious belief that was against receiving a COVID-19 vaccine).

23.    An examination of LEGACY's e-mails to each Plaintiff indicates the e-mails are virtually identical – essentially, form letters not tailored to any individual who received one.  *See* Exs. "G"-"J."  LEGACY's e-mails provided no explanation of why the Exception Committee had found that Plaintiffs had failed to demonstrate consistency with regard to their religious beliefs and practices or why their religious exemption requests lacked enough specificity.  *Id.*

24.    Concerning the consistency criterion, LEGACY made no allowance for the possibility that any of its employees (1) had received a vaccine as a child but stopped receiving them as adults; (2) held religious views concerning vaccines that had evolved since previously receiving vaccines as adults; and/or (3) did not have religious objections to vaccines in general, but did have a religious objection to COVID-19 vaccines due to their manufacturers' use of cells from aborted babies in the vaccines' research and development.  LEGACY also made no allowance for the Christian doctrine of repentance – i.e., turning away from past sins and toward obedience to God by refusing to commit those sins any longer.

25.    Concerning the specificity criterion, it is unclear how specific LEGACY's Exception Committee wanted religious objectors' statements of objection to be or what information the Committee felt was missing from Plaintiffs' exemption requests.  However, given that the Committee reportedly rejected the exemption requests of nearly 800 employees – all of whom received the same standard e-mail informing them that LEGACY had rejected their requests, and all of whose requests had been rejected on the same grounds as Plaintiffs' – what is clear is that few, if any, LEGACY employees were able to provide enough specificity to satisfy the Committee.

26.    LEGACY's assertion to the contrary in its e-mails to each of the Plaintiffs denying their religious exemption requests notwithstanding [*see* Exs. "G"-"J"], LEGACY predestined each of the Plaintiffs for unpaid leave and

termination and did so not based on individualized assessments of Plaintiffs'
respective religious exemption requests, but as part of a larger program against
employees who sought religious exceptions.  LEGACY's Exception Committee
paid little to no attention to how much or how little detail employees who sought
religious exemptions included in their exemption requests – the Committee simply
denied exemption requests across the board, with few, if any, exceptions.

      27.    LEGACY attempted to justify the Exception Committee's blanket,
across-the-board denials of religious exemption requests like Plaintiffs' by offering
the lame excuse that "there is no ideal way to determine a sincerely held religious
belief[.]"  LEGACY did not engage in a good-faith, interactive exploration of
potential accommodations with any of its employees, including Plaintiffs, as Title
VII requires, nor did it give Plaintiffs any opportunity to appeal the Committee's
decisions concerning their exemption requests.

      28.    In each Plaintiff's case, the reasons given for LEGACY's denial of a
religious exemption were meritless:

        a.   Throughout her ten-year tenure at Good Samaritan, LAVELLE-
HAYDEN consistently asked for, and received, religious
exemptions from Good Samaritan's requirement that its employees
receive flu vaccinations.  LAVELLE-HAYDEN also provided to
LEGACY a letter identifying what her specific objection to
receiving a COVID-19 vaccine was – namely, manufacturers' use
of cells from aborted babies in the research, testing, and
development of the vaccines;

        b.   Throughout her seven-year tenure at Meridian Park, ROGNESS
was active in her church community.  She has consistently been
guided by the principle that her life's trajectory is in the Lord's
hands.  She trusts completely in God's sovereignty regarding her

health.  While ROGNESS kept her religious beliefs close to her vest in her religious exemption request, she did inform LEGACY of its duty, pursuant to Equal Employment Opportunity Commission guidelines, to "ordinarily assume that an employee's request for religious accommodation is based on a sincerely held religious practice."  *See* Ex. "D";

c.  Throughout her five-year tenure at Silverton, SERINI, like LAVELLE-HAYDEN, repeatedly requested and received religious exemptions from receiving a flu shot.  Like ROGNESS, she trusts completely in God's sovereignty with regard to her health; accordingly, SERINI asserted in her religious exemption request that she has a "God-given responsibility not to take anything that comes with potential harm or without guarantee of long-term side effects.  *See* Ex. "I."  LEGACY had no evidence that SERINI had failed to live up to these biblical principles in any way, yet LEGACY still denied her religious exemption request due to lack of consistency and specificity; and

d.  SOLMONSON stated in her religious exemption request that she is "guided in everything I do by my faith in God and the Bible, which I believe to be God's revealed and inspired Word[.]"  *See* Ex. "J."  SOLMONSON then proceeded to cite multiple Bible verses which serve as the basis for her sincerely held belief that her body is "a temple of the Holy Spirit" with which she is to glorify God.  *Id.* [citing 1 Corinthians 6:19-20 and Romans 12:1].  Based on these verses, SOLMONSON asserted that she could not allow to be injected into her body a vaccine containing potentially harmful substances or "substances that were the product of such an

unethical and morally repugnant process that included the
destruction and use of innocent life" via abortion.  *Id.*

29.    After rejecting Plaintiffs' religious exemption requests, LEGACY
gave Plaintiffs three options: They could (1) receive a COVID-19 vaccine, and
thereby violate their sincerely held religious beliefs as a condition of remaining
employed; (2) take no action and be placed on unpaid administrative leave on
October 1, 2021, with termination following on October 19, 2021; or (3) provide
their written resignations to their respective supervisors.

30.    Because they could not, in good conscience, receive COVID-19
vaccines, and given the substantial likelihood that they would be unable to obtain
unemployment benefits if they resigned from their respective positions, Plaintiffs
reluctantly, and under protest, chose the second option.  As a result, LEGACY
placed them on administrative leave and subsequently fired them.

31.    Since LEGACY terminated Plaintiffs' employment:

    a. LAVELLE-HAYDEN has been unemployed for more than one
year despite actively seeking other employment.  Due to the loss of
income resulting from her loss of employment with LEGACY,
LAVELLE-HAYDEN was forced to sell her home and relocate
from Oregon to Idaho, where she is waiting for her respiratory
therapist license to transfer so she can begin seeking employment
in her new home state.  LAVELLE-HAYDEN has lost at least
$57,000 in annual salary and $720 per month in retirement benefits
to date, and counting.  She has also had to pay $450 per month out
of pocket in medical expenses, having lost the healthcare benefits
she would have earned as part of her compensation at LEGACY;

    b. ROGNESS has found other employment with Providence
Newberg Medical Center ("Providence-Newberg") in Newberg,

Oregon.  Providence-Newberg has granted ROGNESS a religious exemption from Gov. Brown's Mandate – an indicator that it was possible for LEGACY to do likewise with its employees.  She has worked at Providence-Newberg since December 2021 – roughly two months after LEGACY fired her.  However, she currently earns $4,000 less per month in salary than she did while working for LEGACY, has lost $800 per month in retirement benefits, and receives no healthcare benefits for herself or her family as part of her compensation from her current employer.

c. SERINI was unemployed for five weeks, during which she lost $9,469.32 in salary.  She also lost out on a $2,000 bonus that she would have received in December 2021 for having a specialty certification – namely, obstetric care.  On November 8, 2021, five weeks after LEGACY put her on unpaid leave, SERINI was hired to work as nurse in the gastrointestinal laboratory at St. Vincent Healthcare in Billings, Montana, which has granted her a religious exemption from COVID-19 vaccination.  She currently makes $1,869.12 less per month than she would be earning were she still employed at LEGACY.  In addition, SERINI pays $390.40 per month more for medical, dental, and vision insurance than she did under her LEGACY-provided healthcare benefits.

d. SOLMONSON was unemployed for five months before finding other employment with Providence ElderPlace Beaverton ("Providence-Beaverton") in Beaverton, Oregon.  As Providence-Newberg has with ROGNESS, Providence-Beaverton has granted SOLMONSON a religious exemption.  However, she earns $300 per month less than she did while working for LEGACY.  On top

of that, she has to commute approximately one hour to her job, whereas before she only had to drive four minutes from her home to her job at St. Helens.  Due to enormously high gas prices, SOLMONSON has to purchase $500 in gas per month – using up a considerable portion of her monthly earnings – just to commute to and from her job.  SOLMONSON has also incurred $5,000 out of pocket in medical expenses– mostly for emergency room visits related to suicidal thoughts – because she lost the healthcare benefits she would have earned as part of her compensation from LEGACY when LEGACY terminated her employment.

32.    Due to LEGACY's termination of their employment, Plaintiffs have also suffered noneconomic damages as follows:

    a.  LAVELLE-HAYDEN has experienced severe anxiety and loss of sleep, and the financial uncertainty caused by her lack of a steady income put a strain on her family relations as well;

    b.  ROGNESS suffered depression and confusion about her identity after losing the position that had become a central part of her self-identity.  As with LAVELLE-HAYDEN, the financial instability resulting from her firing caused a strain on her family relations;

    c.  SERINI has faced severe emotional and mental challenges due to having been fired from her dream job and having to relocate to another state from the town where she grew up (Silverton, Oregon) so she could continue to work as a nurse without having to receive a COVID-19 vaccine.  As with LAVELLE-HAYDEN and ROGNESS, the financial instability resulting from her firing caused a strain on her family relations She is currently receiving counseling for major depression.

d. SOLOMONSON has experienced extreme depression, anxiety, panic attacks, and suicidal thoughts due to LEGACY terminating her employment.  She cannot even set foot in a LEGACY building due to the post-traumatic stress disorder she has suffered as a result of being fired for adhering to her religious beliefs.  SOLMONSON incurred $5,000 in emergency room visits because she needed immediate psychiatric help due to the suicidal thoughts she experienced as a result of LEGACY terminating her employment.

33. As a condition of filing the herein lawsuit, Plaintiffs have each obtained right-to-sue letters from the Equal Employment Opportunity Commission.  Those letters are attached hereto as **Exhitibs "K"-"N."**

34. Attached hereto as **Exhibits "O"-"R"** are printouts from the website TimeandDate.com showing when the 90-day statute of limitations set forth in each right-to-sue letter is set to expire.  Plaintiffs have included these printouts as exhibits to show that they have timely filed this lawsuit in compliance with their respective letters.

## FIRST CAUSE OF ACTION:
### Violation of Title VII
### [42 U.S.C. § 2000e-2]

35. Plaintiffs refer to and hereby incorporate the foregoing paragraphs as though fully set forth herein.

36. Title VII of the 1964 Civil Rights Act prohibits employers from discriminating on the basis of religion.  42 U.S.C. § 2000e-2(a)(1).

37. For purposes of Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year …"  42 U.S.C. § 2000e(b).

38.    Defendant LEGACY qualifies as an employer under Title VII.

39.    The term "religion," for purposes of Title VII, "includes all aspects of religious observance and practice, as well as belief …" 42 U.S.C. § 2000e(j).

40.    As practicing Christians, Plaintiffs belong to a class of persons protected under Title VII.  42 U.S.C. § 2000e-2(a)(1).

41.    Plaintiffs each have a bona fide religious belief that they cannot defile their bodies by taking into their bodies a vaccine derived from the cells of babies whose lives were taken via abortion or whose manufacturer used cells from aborted fetuses in the research, testing, and development of the vaccine.

42.    Plaintiffs' bona fide religious belief against taking vaccines whose manufacturers used cells from aborted babies in researching and developing the vaccines conflicted with their employment-related duty to receive a COVID-19 vaccine in accordance with Gov. Brown's Mandate, as the COVID-19 vaccines available on the market in 2021 were all made by manufacturers who used cells from aborted fetuses in the vaccines' testing and development.

43.    Plaintiffs informed their employer, Defendant LEGACY, of the conflicts between her religious beliefs and their employment-related duties.  *See* Exs. "C"-"F."

44.    Defendant LEGACY subjected Plaintiffs to discriminatory treatment by subjecting them to three adverse employment actions: (1) Threatening to place them on unpaid leave and ultimately terminating their employment if they did not receive a vaccine [*see* Exs. "G-J"]; (2) placing them on unpaid leave on October 1, 2021; and (3) terminating their employment on October 19, 2021.

45.    Defendant LEGACY made no attempt to accommodate Plaintiffs' sincerely held religious beliefs, nor did LEGACY make any assertion to Plaintiffs that LEGACY would incur undue hardship by accommodating their beliefs.

LEGACY simply attempted to justify its denials of Plaintiffs' religious exemption requests by asserting that the Exception Committee did not find Plaintiffs' asserted beliefs to be sincerely held, even though Plaintiffs had provided the Committee evidence to the contrary.

46.    Defendant LEGACY could and should have provided reasonable accommodations for Plaintiffs' beliefs, as accommodations that would have allowed Plaintiffs to continue working while significantly limiting the likelihood of spreading COVID-19 were available.  Such accommodations included requiring Plaintiffs to wear N95 masks, submit to weekly COVID-19 testing, change their scrubs and wash their hands regularly, and engage in social distancing from patients and fellow employees when possible.  LEGACY offered none of these accommodations, opting to take adverse employment actions against Plaintiffs instead.

47.    Religious discrimination is truly what motivated Defendant LEGACY to get rid of Plaintiffs, any assertion LEGACY might make to the contrary notwithstanding.

48.    Based on the foregoing, Defendant LEGACY has discriminated against Plaintiff in violation of Title VII.

## SECOND CAUSE OF ACTION:
### Violation of State Law Prohibiting Religious Discrimination
### [ORS 659A.030(1)(a)]

49.    Plaintiffs refer to and hereby incorporate the foregoing paragraphs as though fully set forth herein.

50.    Like Title VII, ORS 659A.030(1)(a) prohibits employers from discharging individuals from employment on the basis of the individuals' religion, as Defendant LEGACY has done here.

51.     Because Oregon's state law prohibiting employers from discriminating on the basis of religion is modeled after Title VII, and because the analysis for religious discrimination claims under both statutes is identical [*see Hedum v. Starbucks Corp.*, 546 F. Supp. 2d 1017, 1022 (D. Or. 2008)], Plaintiffs decline to restate the facts as set forth in their first cause of action, as those facts are already incorporated as though fully set forth herein via paragraph 48.

52.     Under 42 U.S.C. § 2000e-7, nothing in 42 U.S.C. § 1981a(b)(3), which caps the amount of non-pecuniary and punitive damages that can be awarded to Plaintiffs, "shall be deemed to exempt or relieve any person from liability, duty, penalty, or punishment provided by any present or future law of any State[.]"  In other words, an Oregon jury is free to exceed any applicable federal dollar limit in accordance with Oregon law.

53.     Under Oregon law, a jury may award up to $500,000 in noneconomic damages.  *See* ORS 31.710(1).  Oregon law defines "noneconomic damages" to include "subjective, nonmonetary losses, including but not limited to … <u>mental suffering</u>, emotional distress, … inconvenience and interference with normal and usual activities apart from gainful employment."  ORS 31.705(2)(b)

54.     As stated *supra*, Plaintiffs have endured mental suffering and emotional distress due to LEGACY's unlawful discrimination against them.  They have also suffered interference with normal and usual activities, as the financial woes caused by Plaintiffs' unemployment have strained relations between Plaintiffs and their families.

55.     ORS 659A.885(3) allows for punitive damages against employers such as Defendant LEGACY who violate ORS 659A.030(1)(a).  Oregon law places no cap on punitive damages.  *See Smith v. Ethicon, Inc.*, 2022 U.S. Dist. 98543 at *2 (D. Or. June 2, 2022).

56.    Based on the foregoing, in addition to violating Title VII, Defendant LEGACY has violated ORS 659A.030(1)(a).

57.    Plaintiffs intend to add a cause of action for aiding and abetting Defendants DOES 1-50 under ORS 659A.030(1)(g) as soon as Plaintiffs learn the identities of any and all persons who served on Defendant LEGACY's Exception Committee.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff prays for judgment against Defendant LEGACY as follows:

**ON ALL CAUSES OF ACTION:**

1.    For economic damages in an amount according to proof at trial;

2.    For non-economic damages in an amount according to proof at trial;

3.    For punitive damages in an amount according to proof at trial;

4.    For attorney's fees and costs associated with bringing and maintaining this action in accordance with the law; and

5.    For such other and further relief as the Court may deem proper.

Dated: November 9, 2022                    PACIFIC JUSTICE INSTITUTE
                                           __/s/ *RAY D. HACKE*_____
                                           Ray D. Hacke
                                           Attorney for Plaintiffs
                                           ALISON LAVELLE-HAYDEN *et al.*

## PROOF OF SERVICE

I am employed in the County of Marion, State of Oregon.  I am over the age of eighteen and not a party to the within action; my business address is 1850 45th Ave., Suite 33, Salem, OR 97305.

On or about November 9, 2022, I served the following documents on the interested parties by placing a true copy thereof enclosed in sealed envelope(s) addressed to said parties:

**COMPLAINT FOR DAMAGES FOR RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII [42 U.S.C. § 2000e-2] AND ORS 659A.030(1)(a)**

### PLEASE SEE ATTACHED SERVICE LIST

_____BY MAIL:  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. postal service on that same date with postage thereon fully prepaid at Salem, Oregon in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__BY PERSONAL SERVICE:  I caused such envelope to be delivered by hand to the office of the addressee(s).

_____BY FACSIMILE TRANSMISSION:  The facsimile machine I used complied with California Rules of Court 2003(3) and no error was reported by the machine.  Pursuant to rule 2005(i), I caused the machine to print a record of the transmission, a copy of which is attached to this proof of service.

_____(State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__(Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 9, 2022, at Salem, Oregon.

*/s/ LAUREN PEFFERLE*
Lauren Pefferle

## SERVICE LIST

Alexander Gladney
Chief Legal Officer
Legacy Health Systems
1919 NW Lovejoy St.
Portland, OR 97209

# EXHIBIT A



**Business Name Search**

New Search    Printer Friendly

# Business Entity Data

10-31-2022
14:31

| Registry Nbr | Entity Type | Entity Status | Jurisdiction | Registry Date | Next Renewal Date | Renewal Due? |
|---|---|---|---|---|---|---|
| 091184-15 | DNP | ACT | OREGON | 11-04-1970 | 11-04-2022 | **YES** |
| Entity Name | LEGACY HEALTH | | | | | |
| Foreign Name | | | | | | |
| Non Profit Type | PUBLIC BENEFIT | | | | | |

## Online Renewal:

Renew Online

Click here to generate and print an annual report.

New Search    Printer Friendly

# Associated Names

| Type | PPB | PRINCIPAL PLACE OF BUSINESS | | |
|---|---|---|---|---|
| Addr 1 | LEGAL SERVICES DEPARTMENT | | | |
| Addr 2 | 1919 NW LOVEJOY STREET | | | |
| CSZ | PORTLAND | OR | 97209 | Country | UNITED STATES OF AMERICA |

*Please click here for general information about registered agents and service of process.*

| Type | AGT | REGISTERED AGENT | Start Date | 09-17-2021 | Resign Date |
|---|---|---|---|---|---|
| Name | ALEXANDER | | GLADNEY | | |
| Addr 1 | 1919 NW LOVEJOY ST | | | | |
| Addr 2 | | | | | |
| CSZ | PORTLAND | OR | 97209 | Country | UNITED STATES OF AMERICA |

| Type | MAL | MAILING ADDRESS | |
|---|---|---|---|
| Addr 1 | 1919 NW LOVEJOY | | |
| Addr 2 | | | |
| CSZ | PORTLAND | OR | 97209 | Country | UNITED STATES OF AMERICA |

| Type | PRE | PRESIDENT | | Resign Date |
|---|---|---|---|---|
| Name | KATHRYN | | CORREIA | |

| Addr 1 | 1919 NW LOVEJOY ST | | | | | |
|---|---|---|---|---|---|---|
| Addr 2 | | | | | | |
| CSZ | PORTLAND | OR | 97209 | | Country | UNITED STATES OF AMERICA |

| Type | SEC | SECRETARY | | | | Resign Date | |
|---|---|---|---|---|---|---|---|
| Name | ALEXANDER | | GLADNEY | | | | |
| Addr 1 | LEGAL SERVICES DEPARTMENT | | | | | | |
| Addr 2 | 1919 NW LOVEJOY | | | | | | |
| CSZ | PORTLAND | OR | 97209 | | Country | UNITED STATES OF AMERICA | |

**New Search**     **Printer Friendly**

# Name History

| Business Entity Name | Name Type | Name Status | Start Date | End Date |
|---|---|---|---|---|
| LEGACY HEALTH | EN | CUR | 04-05-2010 | |
| LEGACY HEALTH SYSTEM | EN | PRE | 03-31-1989 | 04-05-2010 |
| HEALTHLINK | EN | PRE | 10-11-1985 | 03-31-1989 |
| METROPOLITAN HOSPITALS, INC. | EN | PRE | 05-19-1971 | 10-11-1985 |
| SOUTHWEST HOSPITAL | EN | PRE | 11-04-1970 | 05-19-1971 |

Please read before ordering Copies.

**New Search**     **Printer Friendly**

# Summary History

| Image Available | Action | Transaction Date | Effective Date | Status | Name/Agent Change | Dissolved By |
|---|---|---|---|---|---|---|
| | AMENDED ANNUAL REPORT | 09-17-2021 | | FI | Agent | |
| | AMENDED ANNUAL REPORT | 10-28-2020 | | FI | Agent | |
| | RESTATED ARTICLES | 01-31-2020 | | FI | | |
| | RESTATED ARTICLES | 01-31-2020 | | FI | | |
| | AMENDED ANNUAL REPORT | 09-25-2019 | | FI | | |
| | AMENDED ANNUAL REPORT | 09-13-2018 | | FI | | |
| | RESTATED ARTICLES | 12-18-2017 | | FI | | |
| | AMENDED ANNUAL REPORT | 09-15-2017 | | FI | | |
| | AMENDED ANNUAL REPORT | 09-21-2016 | | FI | | |
| | RESTATED ARTICLES | 09-19-2016 | | FI | | |
| | RESTATED ARTICLES | 05-31-2016 | 06-01-2016 | FI | | |
| | AMENDED ANNUAL REPORT | 10-05-2015 | | FI | | |
| | AMENDED ANNUAL REPORT | 10-13-2014 | | FI | | |

| | | | | | |
|---|---|---|---|---|---|
| | RESTATED ARTICLES | 04-18-2014 | | FI | |
| | AMENDED ANNUAL REPORT | 09-16-2013 | | FI | |
| | CHANGE OF REGISTERED AGENT/ADDRESS | 09-11-2013 | | FI | Agent |
| | REINSTATEMENT AMENDED | 03-14-2013 | | FI | |
| | ADMINISTRATIVE DISSOLUTION | 01-04-2013 | | SYS | |
| | AMENDED ANNUAL REPORT | 10-25-2011 | | FI | |
| | AMENDED ANNUAL REPORT | 10-21-2010 | | FI | |
| | RESTATED ARTICLES | 04-05-2010 | | FI | |
| | ARTICLES OF AMENDMENT | 04-05-2010 | | FI | Name |
| | AMENDED ANNUAL REPORT | 11-03-2009 | | FI | |
| | AMENDED ANNUAL REPORT | 10-29-2008 | | FI | |
| | AMENDED ANNUAL REPORT | 11-07-2007 | | FI | |
| | RESTATED ARTICLES | 10-30-2007 | | FI | |
| | AMENDED ANNUAL REPORT | 10-20-2006 | | FI | |
| | ANNUAL REPORT | 01-04-2006 | | FI | |
| | RESTATED ARTICLES | 05-05-2005 | | FI | |
| | REINSTATEMENT AMENDED | 01-27-2005 | | FI | |
| | ADMINISTRATIVE DISSOLUTION | 12-30-2004 | | SYS | |
| | RESTATED ARTICLES | 12-10-2003 | | FI | |
| | ANNUAL REPORT PAYMENT | 12-10-2003 | 12-09-2003 | SYS | |
| | ANNUAL REPORT PAYMENT | 10-17-2002 | | SYS | |
| | ANNUAL REPORT PAYMENT | 11-02-2001 | | SYS | |
| | STRAIGHT RENEWAL | 11-20-2000 | | FI | |
| | NB AMENDMENT | 11-14-2000 | | FI | |
| | AMENDED RENEWAL | 12-29-1999 | | FI | |
| | NB AMENDMENT | 01-28-1999 | | FI | |
| | CHANGED RENEWAL | 11-06-1998 | | FI | |
| | AGENT/AUTH REP CHNG | 11-06-1998 | | FI | |
| | STRAIGHT RENEWAL | 10-27-1998 | | FI | |
| | NB AMENDMENT | 06-24-1998 | | FI | |

| | | | | | |
|---|---|---|---|---|---|
| | MERGER | 04-16-1998 | | FI | |
| | NB AMENDMENT | 04-03-1998 | | FI | |
| | AGENT/AUTH REP CHNG | 01-30-1998 | | FI | |
| | STRAIGHT RENEWAL | 10-24-1997 | | FI | |
| | NB AMENDMENT | 02-28-1997 | | FI | |
| | STRAIGHT RENEWAL | 12-18-1996 | | FI | |
| | STRAIGHT RENEWAL | 11-03-1995 | | FI | |
| | NB AMENDMENT | 06-02-1995 | | FI | |
| | ASSOCIATED NAME CHNG | 06-02-1995 | | FI | |
| | STRAIGHT RENEWAL | 10-10-1994 | | FI | |
| | NB AMENDMENT | 12-30-1993 | | FI | |
| | AMENDED RENEWAL | 09-27-1993 | | FI | |
| | MERGER | 04-06-1993 | | FI | |
| | AMENDED RENEWAL | 10-09-1992 | | FI | |
| | NB AMENDMENT | 10-07-1992 | | FI | |
| | ASSOCIATED NAME CHNG | 10-07-1992 | | FI | |
| | AGENT/AUTH REP CHNG | 06-26-1992 | | FI | |
| | NB AMENDMENT | 06-16-1992 | | FI | |
| | ASSOCIATED NAME CHNG | 06-16-1992 | | FI | |
| | AMENDED RENEWAL | 09-26-1991 | | FI | |
| | NB AMENDMENT | 03-25-1991 | | FI | |
| | NB AMENDMENT | 02-06-1991 | | FI | |
| | MERGER | 12-21-1990 | | FI | |
| | AGENT/AUTH REP CHNG | 10-29-1990 | | FI | |
| | AMENDED RENEWAL | 10-29-1990 | | FI | |
| | NB AMENDMENT | 12-22-1989 | | FI | |
| | AMENDED RENEWAL | 11-01-1989 | | FI | |
| | CORRECTION OF ANNUAL | 05-11-1989 | | FI | |
| | NB AMENDMENT | 04-12-1989 | | FI | |
| | MERGER | 03-31-1989 | | FI | |
| | ENTITY NAME CHANGE | 03-31-1989 | | FI | |
| | ASSOCIATED NAME CHNG | 03-31-1989 | | FI | |
| | NB AMENDMENT | 03-31-1989 | | FI | |
| | NB AMENDMENT | 01-26-1989 | | FI | |
| | AMENDED RENEWAL | 10-20-1988 | | FI | |
| | AMENDED RENEWAL | 11-09-1987 | | FI | |
| | ASSOCIATED NAME | 10-19-1987 | | FI | |

| | | | | | |
|---|---|---|---|---|---|
| | CHNG | | | | |
| | NB AMENDMENT | 04-09-1987 | | FI | |
| | STRAIGHT RENEWAL | 10-08-1986 | | FI | |
| | ASSOCIATED NAME CHNG | 04-02-1986 | | FI | |
| | STRAIGHT RENEWAL | 11-21-1985 | | FI | |
| | RESTATED ARTICLES | 10-11-1985 | | FI | |
| | ENTITY NAME CHANGE | 10-11-1985 | | FI | |
| | NC AMENDMENT | 09-30-1985 | | FI | |
| | STRAIGHT RENEWAL | 11-29-1984 | | FI | |
| | NC AMENDMENT | 11-16-1984 | | FI | |
| | NC AMENDMENT | 09-10-1984 | | FI | |
| | RESTATED ARTICLES | 05-05-1983 | | FI | |
| | AMENDMENT | 03-21-1975 | | FI | |
| | AMENDMENT | 01-08-1973 | | FI | |
| | AMENDMENT | 05-19-1971 | | FI | |
| | ENTITY NAME CHANGE | 05-19-1971 | | FI | |
| | NEW | 11-04-1970 | | FI | |

# EXHIBIT B

**Legacy Health**

# Top COVID-19 vaccine safety questions

Updated September 22, 2021

- Can I trust the vaccine approval process?
- Is the vaccine safe?
- Is the vaccine safe for pregnancy?
- Is the vaccine safe if I have an autoimmune disorder?
- Do I still need the vaccine if I have had COVID-19? What about natural immunity?
- Why should I get the vaccine if people who got the vaccine are still getting sick?
- What is the difference between the Pfizer, Moderna, and Johnson & Johnson (J&J) vaccines?
- How does mRNA affect my body?
- What about long term side effects?
- How is the FDA-approved Pfizer vaccine different than the EUA-approved Pfizer vaccine? What is Comirnaty?
- Do the vaccines include fetal cells?
- What if I or someone I live with recently got sick with COVID-19? When do I get my vaccine?

## Can I trust the vaccine approval process?

- Yes. Clinical studies can take a long time because it usually takes a long time to find enough volunteers and people who have the disease. We did not have that problem with COVID-19.
- Researchers were able to make the clinical trial process more efficient while keeping safety a top priority.
- Reference: Unwavering Regulatory Safeguards for COVID-19 Vaccines | Vaccination | JAMA | JAMA Network



LEGACY
H E A L T H

**Exhibit 1**

**Do the vaccines include fetal cells?**

- No. The vaccines do not include any fetal cells.

- Pfizer and Moderna used fetal cells when researching the vaccines to see if the vaccines would work. Johnson & Johnson use fetal cells to prepare the vaccine, but it is purified and all fetal cells are removed from the vaccine before you get it.

- Fetal cells that are used are not from recent abortions. They come from fetal cells from the 1970s and 1980s.

- References: COVID-19 Vaccines & Fetal Cell Lines and COVID-19 Vaccines and Fetal Cells (Michigan DHHS)

**What if I or someone I live with recently got sick with COVID-19? When do I get my vaccine?**

- If you had COVID-19, you can get the vaccine as soon as you are done with isolation. This is when you do not have symptoms anymore and it has been at least 10 days since your symptoms first started. Check with your doctor if you go to the hospital or if you are immunocompromised.

- If you are exposed to someone with COVID-19, you can get the vaccine as soon as you are done with quarantine. This means after 14 days without any symptoms or sooner if you got a negative COVID-19 test.

- If you got a COVID monoclonal antibody treatment (casirivimab/imdevimab, sotrovimab, or bamlanivimab/etesevimab), you should wait 90 days before you get the vaccine.

- References: When to Get the Covid Vaccine After Having Covid – Cleveland Clinic and Frequently Asked Questions about COVID-19 Vaccination | CDC and COVID-19 Quarantine and Isolation | CDC



**Exhibit 1**

# EXHIBIT C
# Alison Lavelle-Hayen
# Religious Exemption Request

OFFICE OF THE DIRECTOR
Office of the State Public Health Director



## COVID-19 Vaccine Religious Exception Request Form

I am requesting an exception from the COVID-19 vaccination on the basis of a sincerely held religious belief.

| Individual's name: Alison Lavelle-Hayden | Date of birth: 09/24/1982 |
|---|---|
| Phone number: 971-241-0426 | |
| Employer/Organization: Legacy Good Samaritan Hospital | Job Title/Position: Respiratory Therapist |

## Please check the boxes below as appropriate and complete related questions:

✓ Receiving the COVID-19 vaccination conflicts with my religious observances, practices or beliefs as described below.

Please describe your religious belief and how it affects your ability to receive a COVID-19 vaccination

I certify the above information to be true and accurate and that I sincerely hold the religious beliefs described above.

| Signature: Alison Lavelle-Hayden | Date: 8/30/21 |
|---|---|

Please note that if your exception request is approved, you may be required by your employer or other responsible party to take additional steps to protect you and others from contracting and spreading COVID-19. Workplaces are not required to provide this exception accommodation if doing so would pose a direct threat to the excepted individual or others in the workplace or would create an undue hardship.

1

Last updated: 8/16/21



**LEGACY**
H E A L T H

## COVID-19 VACCINATION EXEMPTION REQUEST FORM

**INSTRUCTIONS:** Please complete this form for the applicable exemption you are seeking. If you have questions, please contact the Employee Health COVID Hotline at 503-415-5820 or COVID19@lhs.org.

Name: _Alison Lavelle – Hayden_    Employee #: _38223_

Phone Number: _971-241-0426_    Email: _alavelle82@gmail.com_

Department: _Respiratory_    Site: _LGS_

Employee Signature: _Alison Lavelle-Hayden_    Date: _8/30/21_

Legacy Health requires COVID-19 vaccination sufficient to achieve a fully vaccinated status for all caregivers. Legacy Health recognizes that immunization with a safe and effective vaccine is a proven strategy to reduce COVID-19 related illness for our caregivers, patients, and community. The CDC recognizes that COVID-19 vaccines are safe and effective at preventing COVID-19 disease, especially severe illness, and death.

### ☐ Medical Exemption

Please underline attach a signed letter from your qualified medical provider, on that medical provider's letterhead, that states the medical condition they are treating and describes a valid medical contraindication per the CDC. Please ensure that the medical provider who provides the signed letter is qualified to medically assess the condition at issue.

**Contact information for Provider:**

Provider Name (printed)_____ Telephone: _____

### ☒ Bona fide Religious Exemption

Please underline attach a signed letter from a religious authority in your faith community, on that religious authority's letterhead, explaining how administration of the COVID-19 vaccine conflicts with bona fide religious tenets or practices of your faith. (Please ensure the information in the letter is specific. A general philosophical or moral objection to the vaccine will not be sufficient for Legacy Health to evaluate the request or grant an exemption.) If you don't have a religious authority, you can submit a letter explaining how administration of the COVID-19 vaccine conflicts with bona fide religious tenets or practices of your faith.

**Contact information for Religious Leader (if attaching a signed letter):**

Religious Leader Name (printed)_____ Telephone: _____

Position/Title: _____

Either email this form and required letter to COVID19@lhs.org, fax to 503-415-5192 or submit to the local Employee Health office.

Subject: Bona fide Religious Exemption

To Who it may Concern,

Legacy Health has directed me to get vaccinated with COVID-19 vaccine or withhold adverse actions including termination. I assert my right to a religious exemption from this mandated vaccine because it would violate my religious beliefs.

I am a Christian who believes in God and the Bible including the teachings in the New Testament. I believe and obey His Word and follow the principles laid out in His Word and I have a deeply held belief that this vaccine would violate them. According to my Christian faith, I believe my body is a temple of the Holy Spirit and it is a personal responsibility for me to protect my body's physical integrity against unethical and harmful ingredients and injections. I sincerely believe that all human beings are in the image of God and his concepts affirms the unique values of all human life.

I believe that life is precious and a gift and I personally do not believe in abortion. Stem cells from aborted fetuses are used in testing of the vaccines or are in the vaccines themselves. I cannot in good conscience take these vaccines knowing that the creation or contents of the vaccines go against my personal and religious beliefs.

Title VII of the Civil Rights Act of 1964 requires employers to provide exemptions and accommodations for employees who raise objections to receiving employer-mandated vaccines based on their sincerely held religious beliefs. For that reason, I am requesting a religious accommodation under Title VII and that it will excuse me from having to receive any of the three COVID-19 vaccines available. I further request that no adverse employment action will be taken against me on account of my religious and personal beliefs.

Thank you for your anticipated consideration.

Alison Lavelle-Hayden

Employee # 38223

# EXHIBIT D

# Audrey Rogness

# Religious Exemption Request

OFFICE OF THE DIRECTOR
Office of the State Public Health Director



# COVID-19 Vaccine Religious Exception Request Form

I am requesting an exception from the COVID-19 vaccination on the basis of a sincerely held religious belief.

| Individual's name: | Date of birth: |
|---|---|
| Audrey Rogness | 03/22/1989 |
| Phone number: | |
| 503-470-9148 | |
| Employer/Organization: | Job Title/Position: |
| Legacy Meridian Park Hospital | RNC-OB |

## Please check the boxes below as appropriate and complete related questions:

☒ Receiving the COVID-19 vaccination conflicts with my religious observances, practices or beliefs as described below.

Please describe your religious belief and how it affects your ability to receive a COVID-19 vaccination

After countless hours of prayerful consideration between my Lord and I, it has become very apparent that this vaccination goes against my personal religious beliefs. I believe my life's trajectory is in the Lord's hands and, therefore, the decisions I make are lead by Him. He is sovereign over my choices and my well-being. Knowing this, and knowing He has told me through prayer that the COVID 19 vaccine shall not enter my body, I am requesting to be exempt from the COVID 19 vaccination mandate.

I certify the above information to be true and accurate and that I sincerely hold the religious beliefs described above.

| Signature: | Date: |
|---|---|
| *Audrey Rogness* | 09/01/2021 |

Please note that if your exception request is approved, you may be required by your employer or other responsible party to take additional steps to protect you and others from contracting and spreading COVID-19. Workplaces are not required to provide this exception accommodation if doing so would pose a direct threat to the excepted individual or others in the workplace or would create an undue hardship.

**Document accessibility:** For individuals with disabilities or individuals who speak a language other than English, OHA can provide information in alternate formats such as translations, large print, or braille. Contact the Health Information Center at 1-971-673- 2411, 711 TTY or COVID19.LanguageAccess@dhsoha.state.or.us.

OHA 3871 (8/25/2021)

Legacy Health Human Resources
1919 NW Lovejoy Street
Portland, OR 97209

August 17th, 2021

To whom it may concern,

I am sending this letter in response to the mandated COVID-19 vaccination request and Legacy Health's accompanying policy. This is my formal request for a religious exemption for the COVID-19 vaccination. I will not be signing the provided COVID-19 Vaccination Exemption Request Form, as I do not plan to provide a letter signed by a "religious authority" in my faith community. Nowhere in Legacy Health's own COVID-19 Vaccination Policy does it state a letter by one's religious authority must accompany the request for exemption. Furthermore, I do not plan to provide evidence and/or proof of my "religious tenets or practices" of my faith as requested by signing this form. My religious beliefs are my own and sincerely held between myself and my Heavenly Father.

My religious beliefs are federally protected under The First Amendment (The Free Exercise of Religion Clause) and The Civil Right Act of 1964 (SEC. 2000e-2 [Section 703], prohibiting employment discrimination based on religion). These beliefs are also protected under the Oregon Constitution, The Bill of Right (Article 1, Section 3, freedom of religious opinion). Furthermore, The Equal Employment Opportunity Commission guides that employers, under the Title VII of the Civil Rights Act, to "ordinarily assume that an employee's request for religious accommodation is based on a sincerely held religious belief, practice, or observance." In addition, the EEOC states that "the definition of religion is broad and protects beliefs, practices, and observances with which the employer may be unfamiliar."

In addition to my request for religious exemption to the COVID-19 vaccination, this is my formal request to be religiously exempt from testing for coronavirus, as defined as "repeated and frequent precautionary testing" in Legacy Health's COVID-19 Vaccination Policy. Title VII under the Civil Rights Act, states that I have the right to be free from discrimination in the workplace. I am being personally discriminated against in regards to my religious beliefs and am being forced to succumb to a medical procedure that goes against my religious beliefs. I am willing to participate in a health screening, as guided by Occupational Safety and Health Administration (OSHA).

Both of these medical procedures, the COVID-19 vaccine and the testing for coronavirus, violate my rights as it pertains to my religious beliefs and I am requesting a religious exemption for both.

Sincerely,

ARogness

Audrey Rogness, RNC-OB
16415 Herigstad Rd NE
Silverton OR 97381
(503) 470-9148
arogness@lhs.org

# EXHIBIT E

Theresa Serini

Religious Exemption Request

In regards to: **Theresa Serini**
Employee #: **47269**
Phone #: **503-302-6139**
Email address: tserini@lhs.org
Department **Family Birth Center**
Site **Legacy Silverton Medical Center**
Date **August 29, 2021**

Legacy Silverton Medical Center and others this may concern,

I am writing you this notice today, August 29, 2021, to inform you I am taking a religious exemption from all Covid-19 vaccinations. It is within my constitutional right to be exempt from any vaccination to which I hold a firmly held religious conviction. It is my right and God-given responsibility not to take anything that comes with potential harm or without guarantee of long-term side effects.

God clearly states one shall maintain his body and blood uncontaminated under Jewish law. I consider these Covid-19 injections to represent a defilement of my body, blood and soul. Psalm 139:13-14 reads, "For you have formed my inward parts; you knitted me together in my mother's womb. I praise you, for I am fearfully and wonderfully made. Wonderful are your works; my soul knows it very well". And, Psalm 118:8 reads, "It is better to take refuge in the Lord than to trust in man".
Given my sincerely held religious belief and my religious conscience regarding the Covid-19 vaccinations, I will take my religious exemption.

Theresa Serini, BSN, RNC-OB

*[signature]*, BSN-RNC-OB

# EXHIBIT F
# Kalina M. Solmonson
# Religious Exemption Request

OFFICE OF THE DIRECTOR
Office of the State Public Health Director



# COVID-19 Vaccine Religious Exception Request Form

I am requesting an exception from the COVID-19 vaccination on the basis of a sincerely held religious belief.

| Individual's name: | Date of birth: |
|---|---|
| Kalina Solmonson | 07/27/1988 |
| Phone number: | |
| 715-222-6066 | |
| Employer/Organization: | Job Title/Position: |
| Legacy Medical Group St. Helens | CSS |

## Please check the boxes below as appropriate and complete related questions:

☒ Receiving the COVID-19 vaccination conflicts with my religious observances, practices or beliefs as described below.

Please describe your religious belief and how it affects your ability to receive a COVID-19 vaccination

I Am Declining The Experimental Vaccine Because Legacy Medical Group Was Unable To Prove Its Safety & Efficacy By Satisfying Their Legal Requirement To Fulfill Informed Consent. As A Result, I Am Now Following The Guidelines Of The Equal Employment Opportunity Commission (EEOC) Which States That Employers Are Required To Honor Personal Belief/Religious Exemptions. Any Attempt To Terminate Me Will Be Viewed As A Wrongful Termination Based Upon Illegal Personal Belief & Religious Discriminatory Practices And I Will Defend Myself In Court To The Fullest Extent Of The Law.

I certify the above information to be true and accurate and that I sincerely hold the religious beliefs described above.

| Signature: *Kalina Solmonson* | Date: |
|---|---|
| Kalina Marie Solmonson | 08/30/2021 |

Please note that if your exception request is approved, you may be required by your employer or other responsible party to take additional steps to protect you and others from contracting and spreading COVID-19. Workplaces are not required to provide this exception accommodation if doing so would pose a direct threat to the excepted individual or others in the workplace or would create an undue hardship.

**Document accessibility:** For individuals with disabilities or individuals who speak a language other than English, OHA can provide information in alternate formats such as translations,

3

Dear Employer:

I am writing to formally request a religious exemption from our company's COVID-19
shot directive. Due to my sincerely held religious convictions, I am not able to receive this shot.
While I understand I am not legally required to justify the basis for my sincerely held religious
belief, nevertheless, I am providing a few of the reasons why this policy violates fundamental
aspects of my Christian faith - and why I cannot, therefore, in good conscience take part in it.
As a devout Christian, I am guided in everything I do by my faith in God and the Bible,
which I believe to be God's revealed and inspired Word (2 Timothy 3:16-17). In 1 Corinthians
6:19-20, the Apostle Paul exhorts Christians about the importance of their bodies: "Or do you not know that
your body is the temple of the Holy Spirit who is in you, whom you have from God? You are not your own, for
you were bought with a price. Therefore, glorify God in your body" Likewise, Romans 12:1 exhorts Christians:
"I appeal to you therefore, brothers, by the mercies of God, to present your bodies as a living sacrifice, holy
and acceptable to God, which is your spiritual worship. These Scriptures are just a few of many that have
informed my religious convictions regarding my physical and spiritual health that I live by, including my sincere
religious objection to receiving any of the COVID vaccines. I must honor God with my spirit, mind, and body,
and therefore I must guard what I put into my body. That includes avoiding, whenever possible, knowingly
receiving foreign toxins with harmful or unknown effects, while also maximizing nutrition and cultivating a
healthy natural immune system in accordance with God's design. I firmly believe that the experimental COVID
vaccine ingredients are contaminants that are harmful to my body, and that in addition to the known health
risks, there are many unknown risks due to the lack of standard testing and long-term study of these
substances. The COVID-19 vaccines are unique in that they do not contain the typical viral ingredients, but
rather they have never-before-used (at least to this extent) components and designs such as synthetic mRNA
and lipid nanoparticles. Very little is scientifically known about these substances in humans including their short
term or long term effects on the body. In taking this vaccine, I would be taking part in an experiment. Not only
is this unsafe, but most importantly to me, it would be dishonoring to God with my body (i.e. would not be
"glorifying God in my body," as Christians are called to do, nor taking care of the body God gave me, which "is
the temple of the Holy Spirit of God"). Especially when there are other known, safe, and effective alternatives
both to treat and prevent COVID-19, including well known substances and holistic methods to nurture and
boost our God-given immunity, I cannot justify being injected with the COVID-19 vaccines and still be
consistent with my sincere Christian faith. It is also my sincere religious conviction that human life begins at
conception, that the sanctity of life is precious to God, and that it is morally wrong to destroy innocent human
life. (See, e.g. Psalm 139:13-16, Jeremiah 1:5, Psalm 127:3, Exodus 20:13) The experimental
COVID-19 injections manufactured by Moderna and Pfizer both used aborted fetal tissue in the
testing process, and those manufactured by AstraZeneca and Johnson & Johnson used aborted
fetal tissue in every step of the process - development, production and lab testing. It violates my Christian faith
to be injected with substances that were the product of such an unethical and
morally repugnant process that included the destruction and use of innocent human life.
I have been a Christian for many years. As a believer in Jesus, the Holy Spirit lives in me
Jesus said the Holy Spirit will guide each person who repents of their sin and believes upon Him
into all truth. I seek God's will for my life through prayer, reading the Bible, and relying on the
power of the Holy Spirit to help me to do God's will. I believe God's promise that "if anyone
lacks wisdom, let him ask of God, who gives to all liberally." (James 1:5) I have prayed about
how to respond to the COVID shot directive in light of my religious beliefs. As I have prayed,
the Holy Spirit has moved on my heart and conscience that I must not accept the COVID shot. If
I were to go against the moving of the Holy Spirit, I would be sinning and jeopardizing my
relationship with God and violating my conscience. I want to thank you in advance for honoring my sincerely
held religious convictions.

Kalina Marie Solmonson                                    8/30/2021

Kevin Senn

EP#55271

# EXHIBIT G
## Alison Lavelle-Hayen
## Religious Exemption Denial

 Gmail

**Aly La <alavelle82@gmail.com>**

## Decision on your exception request
1 message

**COVID-19 Vaccine Exception Workgroup** <legacycovidvaccine@lhs.org>   Mon, Sep 27, 2021 at 11:12 AM
Reply-To: legacycovidvaccine@lhs.org
To: alavelle82@gmail.com

Thank you for submitting your exception request for the COVID-19 vaccine policy.

For your privacy, your name was removed from your exception request before it was reviewed by the exception work group. No details from your request, or the review process, have been shared with leaders or others.

The exception work group, which includes staff from Spiritual Care, Ethics, Primary Care, and Infection Prevention and Control, believes there is no ideal way to determine a sincerely held religious belief and decided to use the following criteria:

- Consistency (have you have recently received other vaccines)
- Specificity (your religious belief is clearly stated, and that religious belief is specifically against receiving the COVID-19 vaccine)

**Your request was carefully reviewed and your request for religious exception was denied because the information you provided does not meet one or more of the above criteria.**

Please know that the Exception Committee carefully reviewed and applied a consistent standard to every request. This was a detailed process intended to provide a full and thorough review.

This decision on your request provides a few days for you to consider your next steps as our Sept. 30 vaccine requirement deadline nears. Please see the instructions below from Human Resources regarding your options.

Sincerely,

COVID-19 Vaccine Exception Workgroup

**Exception Request Denial Instructions**

Because your exception is denied, you have three options:

1. Take action to keep your job by getting vaccinated as soon as possible. Use MyHealth to schedule a vaccine appointment, email EmployeeHealth@lhs.org to request one, or find one in the community. If you have vaccine questions or need help scheduling an appointment, call 503-415-4800. Please note that hotline staff are clinical experts and cannot help you with your exception request. If you've been vaccinated and need to provide documentation, email a picture of your vaccine card to covid19@lhs.org.
2. Take no action and be placed on administrative leave on Oct. 1, with termination following as soon as Oct. 19.

3. Resign your position by alerting your manager in writing.

For more information on the vaccine requirement, please visit the COVID-19 intranet's vaccine page.



**Legacy Health** | 1919 NW Lovejoy, Portland, OR 97209

Unsubscribe alavelle82@gmail.com

Update Profile | Constant Contact Data Notice

Sent by legacycovidvaccine@lhs.org

# EXHIBIT H
# Audrey Rogness
# Religious Exemption Denial

11/29/21, 9:02 AM
Gmail - Fw: Decision on your exception request
Case 3:22-cv-01752-IM    Document 1    Filed 11/09/22    Page 45 of 75



**Audrey Rogness <alrogness@gmail.com>**

## Fw: Decision on your exception request
3 messages

**Rogness, Audrey L :LMP Family Birth Center** <AROGNESS@lhs.org>          Mon, Sep 27, 2021 at 11:35 AM
To: Audrey Rogness <alrogness@gmail.com>

*Audrey Rogness*

*RNC, BSN*

*LMPMC FBC*

**From:** COVID-19 Vaccine Exception Workgroup <legacycovidvaccine@lhs.org>
**Sent:** Monday, September 27, 2021 11:12 AM
**To:** Rogness, Audrey L :LMP Family Birth Center <AROGNESS@LHS.ORG>
**Subject:** Decision on your exception request

Thank you for submitting your exception request for the COVID-19 vaccine policy.

For your privacy, your name was removed from your exception request before it was reviewed by the exception work group. No details from your request, or the review process, have been shared with leaders or others.

The exception work group, which includes staff from Spiritual Care, Ethics, Primary Care, and Infection Prevention and Control, believes there is no ideal way to determine a sincerely held religious belief and decided to use the following criteria:

- Consistency (have you have recently received other vaccines)
- Specificity (your religious belief is clearly stated, and that religious belief is specifically against receiving the COVID-19 vaccine)

**Your request was carefully reviewed and your request for religious exception was denied because the information you provided does not meet one or more of the above criteria.**

Please know that the Exception Committee carefully reviewed and applied a consistent standard to every request. This was a detailed process intended to provide a full and thorough review.

This decision on your request provides a few days for you to consider your next steps as our Sept. 30 vaccine requirement deadline nears. Please see the instructions below from Human Resources regarding your options.

Sincerely,

COVID-19 Vaccine Exception Workgroup

**Exception Request Denial Instructions**

Because your exception is denied, you have three options:

1. Take action to keep your job by getting vaccinated as soon as possible. Use MyHealth to schedule a vaccine appointment, email EmployeeHealth@lhs.org to request one, or find one in the community. If you have vaccine questions or need help scheduling an appointment, call 503-415-4800. Please note that hotline staff are clinical experts and cannot help you with your exception request. If you've been vaccinated and need to provide documentation, email a picture of your vaccine card to covid19@lhs.org.
2. Take no action and be placed on administrative leave on Oct. 1, with termination following as soon as Oct. 19.
3. Resign your position by alerting your manager in writing.

For more information on the vaccine requirement, please visit the COVID-19 intranet's vaccine page.



Legacy Health | 1919 NW Lovejoy, Portland, OR 97209

Unsubscribe arogness@lhs.org

Update Profile | Constant Contact Data Notice

Sent by legacycovidvaccine@lhs.org

---

**Rogness, Audrey L :LMP Family Birth Center** <AROGNESS@lhs.org>        Mon, Sep 27, 2021 at 1:03 PM
To: Audrey Rogness <alrogness@gmail.com>

*Audrey Rogness*

*RNC, BSN*

*LMPMC FBC*

---

**From:** Rogness, Audrey L :LMP Family Birth Center <AROGNESS@LHS.ORG>
**Sent:** Monday, September 27, 2021 1:01 PM
**To:** Legacy Covid Vaccine <LegacyCovidVaccine@LHS.ORG>
**Subject:** Re: Decision on your exception request

To whom it may concern,

No where in this reply to my exemption request does it show you have given any effort to respond on a personal level. This response seems to be consistent with a blanket denial sent to all those seeking religious exemptions to the covid vaccine. I demand a personal response to why I am being terminated for following my sincerely held religious beliefs. I demand to be told the reasons why my religious beliefs are not "specific" enough for Legacy's standards, and why I am being personally discriminating against for following my beliefs. My exemption has nothing to do with "consistency" in partaking in past vaccines and/or shots because, as I stated in my exemption, every decision I make for myself is prayerfully and thoughtfully brought to my Lord and considered on a case-by-case basis. Failure to respond to my requests for answers as to why I am being terminated for my sincerely held religious beliefs would further show Legacy's blatant disregard for my Constitutional rights.

Sincerely,

[Quoted text hidden]

---

**Rogness, Audrey L :LMP Family Birth Center** <AROGNESS@lhs.org>                    Mon, Sep 27, 2021 at 1:04 PM
To: Audrey Rogness <alrogness@gmail.com>

*Audrey Rogness*

*RNC, BSN*

*LMPMC FBC*

---

**From:** Legacy Covid Vaccine <LegacyCovidVaccine@LHS.ORG>
**Sent:** Monday, September 27, 2021 1:01 PM
**To:** Rogness, Audrey L :LMP Family Birth Center <AROGNESS@LHS.ORG>
**Subject:** Automatic reply: Decision on your exception request

Thank you for your email. We appreciate your patience and understanding during this time.  If you are inquiring about information regarding the exception decision, we are unable to provide further details about the consideration of your request.  Unfortunately, there is no more information that will be forthcoming. The option you have available is to request an appeal that is solely focused on ensuring the process was followed. The appeal does not include another review of the case by a multi-disciplinary team

- The exception process served as an appeal to the vaccine policy requirement. Employees whose exception request is denied may request an additional appeal of the process itself by sending an email to COVID19@lhs.org. This additional appeal will include a review of the process that took place to ensure all forms and processes were followed. It will not include another review of the case by a multi-disciplinary team.

As a reminder, if you're exception was denied, you have three options:

- Take action to keep your job by getting vaccinated as soon as possible. Call Employee Health at 503-415-5300 or use MyHealth to schedule a vaccine appointment or find one in the community.  If you've been vaccinated and need to provide documentation, email a picture of your vaccine card to covid19@lhs.org.

- Quit your job by resigning from your position
- Take no action and be placed on administrative leave on Oct. 1, with termination following as soon as Oct. 19.

For more information on the vaccine requirement, please visit the COVID-19 intranet's vaccine page.

# EXHIBIT I
# Theresa Serini
# Religious Exemption Denial

**From:** **COVID-19 Vaccine Exception Workgroup** legacycovidvaccine@lhs.org
**Subject:** Decision on your exception request
**Date:** September 27, 2021 at 12:13 PM
**To:** serini30@gmail.com



Thank you for submitting your exception request for the COVID-19 vaccine policy.

For your privacy, your name was removed from your exception request before it was reviewed by the exception work group. No details from your request, or the review process, have been shared with leaders or others.

The exception work group, which includes staff from Spiritual Care, Ethics, Primary Care, and Infection Prevention and Control, believes there is no ideal way to determine a sincerely held religious belief and decided to use the following criteria:
- Consistency (have you have recently received other vaccines)
- Specificity (your religious belief is clearly stated, and that religious belief is specifically against receiving the COVID-19 vaccine)

**Your request was carefully reviewed and your request for religious exception was denied because the information you provided does not meet one or more of the above criteria.**

Please know that the Exception Committee carefully reviewed and applied a consistent standard to every request. This was a detailed process intended to provide a full and thorough review.

This decision on your request provides a few days for you to consider your next steps as our Sept. 30 vaccine requirement deadline nears. Please see the instructions below from Human Resources regarding your options.

Sincerely,

COVID-19 Vaccine Exception Workgroup


**Exception Request Denial Instructions**

Because your exception is denied, you have three options:
1. Take action to keep your job by getting vaccinated as soon as possible. Use MyHealth to schedule a vaccine appointment, email EmployeeHealth@lhs.org to request one, or find one in the community. If you have vaccine questions or need help scheduling an appointment, call 503-415-4800. Please note that hotline staff are clinical experts and cannot help you with your exception request. If you've been vaccinated and need to provide documentation, email a picture of your vaccine card to covid19@lhs.org.
2. Take no action and be placed on administrative leave on Oct. 1, with termination following as soon as Oct. 19.
3. Resign your position by alerting your manager in writing.

For more information on the vaccine requirement, please visit the COVID-19 intranet's vaccine page.



Legacy Health | 1919 NW Lovejoy, Portland, OR 97209

Unsubscribe serini30@gmail.com

Update Profile | Constant Contact Data Notice

Sent by legacycovidvaccine@lhs.org

# EXHIBIT J
# Kalina M. Solmonson
# Religious Exemption Denial

## Solmonson, Kalina M :LMG Legacy Medical Group

| | |
|---|---|
| **From:** | COVID-19 Vaccine Exception Workgroup <legacycovidvaccine@lhs.org> |
| **Sent:** | Monday, September 27, 2021 11:12 AM |
| **To:** | Solmonson, Kalina M :LMG Legacy Medical Group |
| **Subject:** | Decision on your exception request |

Thank you for submitting your exception request for the COVID-19 vaccine policy.

For your privacy, your name was removed from your exception request before it was reviewed by the exception work group. No details from your request, or the review process, have been shared with leaders or others.

The exception work group, which includes staff from Spiritual Care, Ethics, Primary Care, and Infection Prevention and Control, believes there is no ideal way to determine a sincerely held religious belief and decided to use the following criteria:

- Consistency (have you have recently received other vaccines)
- Specificity (your religious belief is clearly stated, and that religious belief is specifically against receiving the COVID-19 vaccine)

**Your request was carefully reviewed and your request for religious exception was denied because the information you provided does not meet one or more of the above criteria.**

Please know that the Exception Committee carefully reviewed and applied a consistent standard to every request. This was a detailed process intended to provide a full and thorough review.

This decision on your request provides a few days for you to consider your next steps as our Sept. 30 vaccine requirement deadline nears. Please see the instructions below from Human Resources regarding your options.

Sincerely,

COVID-19 Vaccine Exception Workgroup


**Exception Request Denial Instructions**

Because your exception is denied, you have three options:

1. Take action to keep your job by getting vaccinated as soon as possible. Use MyHealth to schedule a vaccine appointment, email EmployeeHealth@lhs.org to request one, or find one in the community. If you have vaccine questions or need help scheduling an appointment, call 503-415-4800. Please note that hotline staff are clinical experts and cannot help you with your exception request. If you've been vaccinated and need to provide documentation, email a picture of your vaccine card to covid19@lhs.org.
2. Take no action and be placed on administrative leave on Oct. 1, with termination following as soon as Oct. 19.
3. Resign your position by alerting your manager in writing.

# EXHIBIT K
# Alison Lavelle-Hayen
# Right To Sue Letter

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Seattle Field Office**
909 First Avenue, Suite 400
Seattle, Washington, 98104
(206) 220-6884
Website: www.eeoc.gov

### DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC Forms 161 & 161-A)

**Issued On: 08/30/2022**

**To:** Alison Lavelle-Hayde
C/o Caroline Hoffman Janzen
Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton, OR 97005

Charge No: 38D-2022-00277

11-28-22

EEOC Representative:        Kristine Jensen Nube, State Local & Tribal Progs. Mgr.

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) Please retain this notice for your records.

On Behalf of the Commission:

Elizabeth Cannon, Seattle Field Office Director

Cc: Legacy Good Samaritan Hospital and Medical Center
C/o Legal Services Dept
Legacy Health Dept
1919 NW Lovejoy St
Portland, OR 97209





Master

**INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC**
*(This information relates to filing suit in Federal or State court <u>under Federal law</u>. If you also
plan to sue claiming violations of State law, please be aware that time limits may be shorter and
other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination,
you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt
generally means the date when you (or your representative) opened this email or mail. You should
**keep a record of the date you received this notice**. Once this 90-day period has passed, your
right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an
attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of
your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.
Whether you file in Federal or State court is a matter for you to decide after talking to your
attorney. You must file a "complaint" that contains a short statement of the facts of your case
which shows that you are entitled to relief. Filing this Notice is not enough. For more information
about filing a lawsuit, go to https://eeoc.gov/filing-lawsuit

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://eeoc.gov/filing-lawsuit

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals
who demonstrate that they are financially unable to afford an attorney. You must contact the Court
directly about this.

**HOW TO REQUEST YOUR CHARGE FILE**

Under the workshare agreement between EEOC and the Fair Employment Practice Agencies
(FEPAs), your case was investigated by the FEPA you filed with and dual-filed with EEOC. Please
contact the FEPA you filed with for a copy of your case file. (For example: Anchorage Equal Rights
Commission, Alaska Human Rights Commission, Idaho Human Rights Commission, Montana
Human Rights Bureau, Oregon Bureau of Labor and Industries, Seattle Office for Civil Rights,
Tacoma Human Rights Commission or Washington State Commission on Human Rights)

Since a lawsuit must be filed within 90 days of this notice, please submit your written request for
the charge file promptly to the appropriate FEPA to allow sufficient time for them to respond to
your request

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)**

We recommend that you and your attorney (if you retain one) review the resources at
eeoc.gov/laws/guidance/fact-sheet-eeocs-final-regulations-implementing-adaaa

# EXHIBIT L
# Audrey Rogness
# Right To Sue Letter

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Seattle Field Office**
909 First Avenue ,Suite 400
Seattle ,Washington ,98104
(206) 220-6884
Website: www.eeoc.gov

### DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC Forms 161 & 161-A)

**Issued On: 09/27/2022**

**To:** Audrey Rogness
16415 Herigstad Rd NE
Silverton, OR 97381

Charge No: 38D-2022-00289

EEOC Representative:                Kristine Jensen Nube, State Local & Tribal Progs. Mgr.

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) Please retain this notice for your records.

On Behalf of the Commission:

≤≤Jh ﹍ﲫﱟ

Elizabeth Cannon, Seattle Field Office Director

Cc: Human Resources
Legacy Meridian Park Hospital
19300 SW 65th Ave
Tualatin, OR 97062

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://eeoc.gov/filing-lawsuit

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://eeoc.gov/filing-lawsuit

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney. You must contact the Court directly about this.

### HOW TO REQUEST YOUR CHARGE FILE

Under the workshare agreement between EEOC and the Fair Employment Practice Agencies (FEPAs), your case was investigated by the FEPA you filed with and dual-filed with EEOC. Please contact the FEPA you filed with for a copy of your case file. (For example: Anchorage Equal Rights Commission, Alaska Human Rights Commission, Idaho Human Rights Commission, Montana Human Rights Bureau, Oregon Bureau of Labor and Industries, Seattle Office for Civil Rights, Tacoma Human Rights Commission or Washington State Commission on Human Rights)

Since a lawsuit must be filed within 90 days of this notice, please submit your written request for the charge file promptly to the appropriate FEPA to allow sufficient time for them to respond to your request

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

We recommend that you and your attorney (if you retain one) review the resources at eeoc.gov/laws/guidance/fact-sheet-eeocs-final-regulations-implementing-adaaa

# EXHIBIT M
# Theresa Serini
# Right To Sue Letter



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Seattle Field Office**
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 576-3000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/12/2022

**To:** Theresa Serini
3757 Crater Lake Ave.
Billings, MT 59102
Charge No: 551-2021-04258

EEOC Representative and email:    Bryne Moore
Investigator
Bryne.moore@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 551-2021-04258.

On Behalf of the Commission:

September 12, 2022                                                    for
Date                                                    Elizabeth M. Cannon, Director
                                                    Seattle Field Office

**Cc:**
Sophie Shaddy-Farnsworth, Stoel Rives LLP
Sophie.shaddy-farnsworth@stoel.com

Erica Shafer, Stoel Rives LLP
Eshafer@lhs.org

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 551-2021-04258 to the District Director at Nancy Sienko, 450 Golden Gate Avenue 5 West PO Box 36025

San Francisco, CA 94102.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

# EXHIBIT N
# Kalina M. Solmonson
# Right To Sue Letter

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Seattle Field Office**
909 First Avenue, Suite 400
Seattle, WA 98104
(206) 576-3000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/12/2022

**To:** Miss Kalina M. Solmonson
35315 Oakwood Drive
ST HELENS, OR 97051
Charge No: 551-2021-04233

EEOC Representative and email:     Bryne Moore
Investigator
bryne.moore@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 551-2021-04233.

On Behalf of the Commission:

September 12, 2022                                                    for
Date                                                    Elizabeth M. Cannon, Director
Seattle Field Office

**Cc:**

Sophie Shaddy-Farnsworth, Stoel Rives LLP
Sophie.shaddy-farnsworth@stoel.com

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 551-2021-04233 to the District Director at Nancy Sienko, 450 Golden Gate Avenue 5 West PO Box 36025

San Francisco, CA 94102.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

# EXHIBIT O
# LAVELLE-HAYEN
# 08/30/2022

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

Count Days     Add Days     Workdays     Add Workdays     Weekday     Week №

Advertising

From **Tuesday, August 30, 2022**
Added 90 days

## Result: Monday, November 28, 2022

### Calendar showing period from August 30, 2022 to November 28, 2022

| August 2022 | | | | | | |
|---|---|---|---|---|---|---|
| 1 day added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | 1 | 2 | 3 | 4 | 5 | 6 |
| 7 | 8 | 9 | 10 | 11 | 12 | 13 |
| 14 | 15 | 16 | 17 | 18 | 19 | 20 |
| 21 | 22 | 23 | 24 | 25 | 26 | 27 |
| 28 | 29 | **30** | 31 | | | |

| September 2022 | | | | | | |
|---|---|---|---|---|---|---|
| 30 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

| October 2022 | | | | | | |
|---|---|---|---|---|---|---|
| 31 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

| November 2022 | | | | | | |
|---|---|---|---|---|---|---|
| 28 days added | | | | | | |
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | **28** | 29 | 30 | | | |



☐ = Start date (Aug 30, 2022)    ☐ = Final result date (Nov 28, 2022)



**Time & Date Calculator App for iOS**
See how long remains before a deadline or exactly when those 30 days are up.

© Time and Date AS 1995–2022

# EXHIBIT P
# ROGNESS
# 09/27/2022

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

**Count Days**     **Add Days**     **Workdays**     **Add Workdays**     **Weekday**     **Week №**

Advertising

From **Tuesday, September 27, 2022**
Added 90 days

## Result: Monday, December 26, 2022

### Calendar showing period from September 27, 2022 to December 26, 2022

| September 2022<br>3 days added | | | | | | | October 2022<br>31 days added | | | | | | | November 2022<br>30 days added | | | | | | | December 2022<br>26 days added | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Sun | Mon | Tue | Wed | Thu | Fri | Sat | Sun | Mon | Tue | Wed | Thu | Fri | Sat | Sun | Mon | Tue | Wed | Thu | Fri | Sat | Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | 1 | 2 | 3 | | | | | | | 1 | | | 1 | 2 | 3 | 4 | 5 | | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | **27** | 28 | 29 | 30 | | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 27 | 28 | 29 | 30 | | | | 25 | **26** | 27 | 28 | 29 | 30 | 31 |
| | | | | | | | 30 | 31 | | | | | | | | | | | | | | | | | | | |

☐ = Start date (Sep 27, 2022)     ☐ = Final result date (Dec 26, 2022)



**Time & Date Calculator App for iOS**
See how long remains before a deadline or exactly when those 30 days are up.



© Time and Date AS 1995–2022

# EXHIBIT Q
# SERINI
# 09/12/2022

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

Count Days    **Add Days**    Workdays    Add Workdays    Weekday    Week №

From **Monday, September 12, 2022**
Added 90 days

## Result: Sunday, December 11, 2022

### Calendar showing period from September 12, 2022 to December 11, 2022

| September 2022 | | | | | | |
|---|---|---|---|---|---|---|
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

18 days added

| October 2022 | | | | | | |
|---|---|---|---|---|---|---|
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

31 days added

| November 2022 | | | | | | |
|---|---|---|---|---|---|---|
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | | | |

30 days added

| December 2022 | | | | | | |
|---|---|---|---|---|---|---|
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

11 days added

☐ = Start date (Sep 12, 2022)  ☐ = Final result date (Dec 11, 2022)

Advertising

CEDAR VILLAGE
Assisted Living & Memory Care

**Schedule your personal tour today.**
*Limited availability*

**Award-Winning SPARK™ Program**
**Around-the-Clock Care**
**Restaurant-Quality**

Clos

LEA



**Time & Date Calculator App for iOS**

See how long remains before a deadline or exactly when those 30 days are up.



timeanddate

© Time and Date AS 1995–2022

# EXHIBIT R
# SOLMONSON
# 09/12/2022

# Date Calculator: Add to or Subtract From a Date

Enter a start date and add or subtract any number of days, months, or years.

Count Days     Add Days     Workdays     Add Workdays     Weekday     Week №

From **Monday, September 12, 2022**
Added 90 days

## Result: Sunday, December 11, 2022

### Calendar showing period from September 12, 2022 to December 11, 2022

| September 2022 | | | | | | |
|---|---|---|---|---|---|---|
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | |

18 days added

| October 2022 | | | | | | |
|---|---|---|---|---|---|---|
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | | | 1 |
| 2 | 3 | 4 | 5 | 6 | 7 | 8 |
| 9 | 10 | 11 | 12 | 13 | 14 | 15 |
| 16 | 17 | 18 | 19 | 20 | 21 | 22 |
| 23 | 24 | 25 | 26 | 27 | 28 | 29 |
| 30 | 31 | | | | | |

31 days added

| November 2022 | | | | | | |
|---|---|---|---|---|---|---|
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | 1 | 2 | 3 | 4 | 5 |
| 6 | 7 | 8 | 9 | 10 | 11 | 12 |
| 13 | 14 | 15 | 16 | 17 | 18 | 19 |
| 20 | 21 | 22 | 23 | 24 | 25 | 26 |
| 27 | 28 | 29 | 30 | | | |

30 days added

| December 2022 | | | | | | |
|---|---|---|---|---|---|---|
| Sun | Mon | Tue | Wed | Thu | Fri | Sat |
| | | | | 1 | 2 | 3 |
| 4 | 5 | 6 | 7 | 8 | 9 | 10 |
| 11 | 12 | 13 | 14 | 15 | 16 | 17 |
| 18 | 19 | 20 | 21 | 22 | 23 | 24 |
| 25 | 26 | 27 | 28 | 29 | 30 | 31 |

11 days added

☐ = Start date (Sep 12, 2022)     ☐ = Final result date (Dec 11, 2022)

Advertising

AdChoices ▷

CEDAR VILLAGE
Assisted Living & Memory Care

Schedule your
personal tour today.
*Limited availability*

**Award-Winning
SPARK™ Program**
**Around-the-Clock Care**
**Restaurant-Quality**

Clos

LEA



**Time & Date Calculator App
for iOS**
See how long remains before a
deadline or exactly when those 30
days are up.


timeanddate

© Time and Date AS 1995–2022